IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03016-M

WILLIAM M.A. DeCORY, )
)
Plaintiff, )
)
v. ) ORDER
)
KRISTI NOEM, )
)
Defendant. )

On January 13, 2022, William M.A. DeCory ("plaintiff"), housed at F.M.C. Butner ("Butner"), filed *pro se* what the court construes as a civil-rights complaint. Compl. [D.E. 1].

On January 14, 2022, the court directed plaintiff to refile his complaint on the forms prescribed for use by the court, and to either pay the requisite filing fees or file a motion to proceed without prepayment of fees. Order [D.E. 3]. The court also warned plaintiff that failure to remedy these noted deficiencies within 21 days may result in dismissal of the action without prejudice for failure to prosecute. Id.

On January 24, 2022, plaintiff filed a document and a memorandum. See [D.E. 4, 4-1].

On February 14, 2022, because plaintiff had not complied with the court's order of deficiency within the time provided, the court dismissed the action without prejudice for failure to prosecute, directed the clerk to close the case, and entered judgment. Order [D.E. 5], J. [D.E. 6].

On March 4, 2022, the court docketed plaintiff's corrected complaint on the proper forms, [D.E. 7], and his motion to proceed without prepayment of fees, Mot. [D.E. 8].

On April 4, 2022, the court: liberally construed the March 4, 2022, corrected complaint as a motion seeking reconsideration of the court's February 14, 2022, order dismissing the action;

granted this motion for reconsideration, directed the clerk to re-open the action, and informed plaintiff that the court would conduct its initial review in a forthcoming order. Order [D.E. 9].

The court now conducts its initial review of the complaint and, for the reasons discussed below, dismisses the action.

## Plaintiff's Filings:

In his initial complaint, plaintiff names as the sole defendant South Dakota Governor Kristi Noem. Compl. [D.E. 1] at 1. Plaintiff seeks "a deal" to be moved "somewhere closer to the Ocean, particularly the Ocean on the East Coast, so [he] may have a better view of the Ocean [sic]," requests relief under Federal Rule 12(b)(6) and release in North Carolina, and appears to assert that he is challenging a forfeiture. See id. at 1–2.

In his January 24, 2022, filing, plaintiff notes that he is criminally indicted in South Dakota, complains that he lacks access to legal resources, requests a "federal loan with a lien or some compensation in this official business [sic]," seeks dismissal of his South Dakota case, and again references an unspecified forfeiture. See [D.E. 4] at 1–3.

In his attached memorandum, plaintiff generally argues that his due process rights were violated both because of his pretrial detention in North Carolina, and because he has not received a fair and speedy trial on his pending charges in South Dakota. See [D.E. 4-1] at 1–3. Plaintiff also attaches a summons as to South Dakota Governor Noem. See [D.E. 4-2] at 1–2.

In his corrected complaint, plaintiff indicates that he is both a state and federal pretrial detainee at Butner, and seeks to proceed under 42 U.S.C. § 1983, Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. See Am. Compl. [D.E. 7] at 2. Plaintiff names as defendants

2

President Joseph R. Biden, U.S. Attorney General Merrick B. Garland, U.S. Secretary of State Anthony J. Blinken, and Former Acting U.S. Attorney General Monty Wilkinson. Id. at 3–4.

As to which of his federal constitutional of federal statutory rights were violated, plaintiff writes, "18 U.S.C. § 3161 – time limits and exclusions (a)(2)[,] 8th Constitution [sic]." Id. at 5.

Plaintiff alleges that, as a passenger in a vehicle in Rapid City, South Dakota, on September 18, 2020, he "was arrested for old warrants in a minor traffic stop," "went to jail for [state] warrants [,] and was released on bond." Id. He missed his scheduled court date, "was arrested again for another warrant," and was refused bond for being a flight risk. Id. After an argument with a correctional officer, he was charged with threatening a law enforcement officer. Id. A federal indictment was filed against him on February 19, 2021, but was not served until his March 5, 2021, state trial for the "minor traffic stop" noted above. Id. Presumably referencing the traffic stop, he contends the "cop followed the drive to the vehicle I was in for over 45 minutes 'stalking' [sic]." Id. at 6. As to his injury, plaintiff asserts, "reprisal: my Constitutional rights were violated [sic]." Id. at 7. For relief, plaintiff asks the court to "dismiss alleged indictment [sic]." Id. at 8.

In his attachment, plaintiff reiterates and expands up his claims contesting the September 18, 2020, traffic stop in Rapid City, South Dakota. See Am. Comp. Attach. [D.E. 7-1] at 1–2. After he was taken into custody at the Pennington County Jail ("the Jail") for outstanding state warrants, he was released on bond but then was unable to obtain social security disability due to his outstanding warrants. Id. at 2. Plaintiff was booked at the Jail again on November 19, 2020, and scheduled for trial on March 5, 2021. Id. at 3. On February 9, 2021, plaintiff had an argument with a correctional officer who threatened "to ruin" plaintiff. Id. Plaintiff was charged in Pennington County with threatening a law enforcement officer, but plaintiff's claims that the

3

officer also threatened him were disregarded. Id. On February 19, 2021, plaintiff was federally indicted pursuant to his conduct on or about September 18, 2020. Id. at 3–4. The indictment was served on plaintiff on the date of his March 5, 2021, state trial. Id. Plaintiff notes that he was federally indicted shortly after his February 9, 2021, argument. Id. at 4. Plaintiff contends that the pending federal indictment is "rendered moot and treason [sic]" because it was not commenced within 120 days of the charged conduct. Id.

## Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

4

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted). To state a viable Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

The FTCA is a limited waiver of sovereign immunity to suit that permits a plaintiff to sue the United States for certain negligent conduct of its employees. 28 U.S.C. § 2671, *et. seq.*; see Millbrook v. United States, 569 U.S. 50, 52 (2013).

Discussion:

Although the court liberally construes plaintiff's filings, because his bald claims fail to coherently connect any named defendant to any alleged constitutional injury, plaintiff fails state viable section 1983 or Bivens claims. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose

5

of Bivens is to deter individual federal officers from committing constitutional violations."); West, 487 U.S. at 48; Monell, 436 U.S. at 691–92; Wright, 766 F.2d at 850.

To the extent he alleges denial of access to courts, plaintiff's bald, threadbare allegations fail to identify with specificity an actual injury or "demonstrate that a nonfrivolous legal claim had been frustrated or impeded," Lewis v. Casey, 518 U.S. 343, 351–52 (1996); see Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; cf. Mayer v. City of Chicago, 404 U.S. 189, 199 (1971).

The court also does not discern the existence of any viable FTCA claim in the facts alleged. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

To the extent plaintiff instead asks the court to intercede in his ongoing state criminal proceedings, the court declines the invitation pursuant to the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

Plaintiff also cannot use this civil-rights action to obtain release from custody or dismissal of his pending federal criminal charges; instead, he must seek release via a petition for a writ of habeas corpus, and the requested dismissal within his federal criminal case. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (finding a prisoner "cannot use a § 1983 action to challenge the fact or duration of his confinement" (quotation marks and citations omitted)); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (distinguishing habeas corpus petitions and civil-rights cases); see also United States v. McIntosh,

6

833 F.3d 1163, 1172 (9th Cir. 2016) ("In almost all federal criminal prosecutions, injunctive relief and interlocutory appeals will not be appropriate."); Deaver v. Seymour, 822 F.2d 66, 71 (D.C. Cir. 1987) (noting the Federal Rules of Criminal Procedure provide opportunities for defendants to challenge criminal proceedings, but "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure."); Baldwin v. U.S. Dep't of Homeland Sec., No. 7:16CV00421, 2016 WL 6109959, at *1 n.2 (W.D. Va. Oct. 19, 2016).

Finally, because the complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

## Conclusion:

For the reasons discussed above, the court DISMISSES the action for failure to state a claim upon which relief may be granted, but WITHOUT PREJUDICE as to plaintiff's right to raise relevant claims in his ongoing state and federal criminal cases or in a future habeas petition. The clerk shall close the case.

SO ORDERED, this 14th day of October 2022.

RICHARD E. MYERS II
Chief United States District Judge